**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL JAMES KLUGE,

        Defendant.

No. 08-CR-4060-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.    **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   **PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.  **TRIAL EVIDENCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

IV.  **LEGAL STANDARD** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.*    *Motion for Judgment of Acquittal* . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.*    *Motion for New Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

V.    **ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

    *A.*    *Motion for Judgment of Acquittal* . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *B.*    *Motion for New Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

VI.  **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*I.  INTRODUCTION*

    The matters before the court are Defendant Michael James Kluge's "Pro Se Motion for Judgment of Acquittal [and] Motion for New Trial" ("Motion") (docket no. 587) and "Motion in Resistance, Motion to Reconsider and Application for Hearing" ("Motion to Reconsider") (docket no. 606) (together, "Motions").

## II. PROCEDURAL HISTORY

On November 20, 2008, a grand jury returned a four-count Third Superseding Indictment ("Indictment") (docket no. 242) against Defendant and twenty-two other persons. The Indictment charged defendant with Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841 (b)(1)(B), 841(b)(1)(C), 851 and 846.

Assistant United States Attorney Jack Lammers represented the government. Attorney Pamela A. Wingert represented Defendant. Defendant waived arraignment on the (docket no. 328) and trial was set before the undersigned.[1]

From February 2 - 4, 2009, the court held a jury trial. On February 4, 2009, the jury found Defendant guilty of Count 1. The jury answered an interrogatory finding unanimously and beyond a reasonable doubt that the quantity of the drugs involved in the conspiracy was 50 grams or more of actual (pure) methamphetamine (docket no 537).

On February 11, 2009, Attorney Wingert timely filed a Motion for Judgment of Acquittal (docket no. 550) and a Motion for New Trial (docket no. 549). On February 12, 2009, Chief Magistrate Judge Paul Zoss held an ex parte status conference. Defendant orally moved to dismiss Attorney Wingert and represent himself. The motion was granted, and Attorney Wingert was discharged and Defendant was permitted to represent himself. The court directed that standby counsel be appointed for Defendant. Judge Zoss also granted Defendant's oral motion for additional time to supplement the Motion for Judgment of Acquittal and Motion for New Trial, setting March 13, 2009 as the new deadline. Panel attorney E. Daniel O'Brien was appointed as standby counsel.

On February 13, 2009, the court entered an order (docket no. 552) denying without prejudice the Motion for Judgment of Acquittal and the Motion for New Trial for failure

---

[1] This case was reassigned to the undersigned by order of Senior Judge O'Brien on November 14, 2008. Docket no. 231.

to comply with the local rule requiring that a brief be contemporaneously filed in support of any motion.

On February 23, 2009, Defendant filed a pro se Motion for Extension of Time Limits (docket no. 564). On February 24, 2009, the court denied the Motion for Extension (docket no. 566). On March 9, 2009, Defendant filed a Motion for New Standby Counsel and to Stay the Motion Deadline (docket no. 575). After a hearing, Judge Zoss denied the Motion for New Standby Counsel and to Stay the Motion Deadline (docket no. 584).

On March 16, 2009, Defendant filed the Motion. In the Motion, Defendant argues that he is entitled to a Judgment of Acquittal because there was insufficient evidence at trial to support the verdict. He also argues that he is entitled to a new trial because the verdict was contrary to the weight of the evidence, his attorney was ineffective at trial because she failed to object to inadmissible prejudicial evidence and because the court did not poll the jurors. In the Motion to Reconsider, Defendant adds new grounds for the Motions and requests that the court command the presence of a witness who he claims has evidence regarding this case. The government argues, *inter alia*, that the Motion was not timely filed. The court agrees with the government that the motion was not filed in a timely fashion and is time barred.[2] The government also argues that the verdict is fully supported by the evidence and that the evidence does not preponderate against the verdict such that a new trial is required. Further, the government argues there is no basis for granting a new trial on any of the other grounds alleged.

---

[2]With regard to the timeliness of the motion, the court finds the motion was received on Monday March 16, three days late. Defendant argues that his motion was timely filed, relying on Local Rule 6 and *Scuba v. Brigano*, 527 F.3d 479, 4814 (6th Cir. 2007). Local Rule 6 clearly provides it does not serve to extend a deadline established by court order. Defendant's reliance on *Scuba* is also misplaced. *Scuba* deals with the timeliness of the filing of an appeal from denial of a habeas corpus petition and the so-called federal pro se prisoner mailbox rule. *Id.* It has no application to a deadline set in a court order.

The court finds that oral argument on the Motion is unnecessary and would not be helpful. The Motion is fully submitted and ready for decision.

## III.  TRIAL EVIDENCE

The evidence came in through the testimony of witnesses and paper exhibits. The witnesses called by the government were law enforcement officers, a Drug Enforcement Administration chemist and cooperating co-defendants. The law enforcement officers relayed considerable information about manufacturing methamphetamine in general as well as manufacturing methamphetamine in the instant case. Each of the cooperating witnesses gave detailed testimony concerning Defendant's role in the conspiracy, which was primarily to supply pseudoephedrine pills to Tony Grenier to manufacture methamphetamine. The witnesses also incriminated themselves and others, giving detailed testimony about the quantity of pseudoephedrine pills they and others supplied to Grenier. The testimony of each cooperating co-defendant was corroborated in whole or in part by the testimony of the other co-defendants and also the summary of the pseudoephedrine pill logs obtained from area pharmacies. The pill log for Defendant (Government Exhibit 2) was a significant item of evidence. All witnesses were subjected to focused and effective cross-examination by Attorney Wingert, who was particularly thorough when cross-examining cooperating co-defendants.

## IV.  LEGAL STANDARD

### A.  Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgement of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). It is well settled, however, that jury verdicts are not lightly overturned. *See United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). "A

motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." *United States v. Mundt*, 846 F.2d 1157, 1158 (8th Cir. 1988); *see also United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006) ("A motion for judgment of acquittal should be granted only 'if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'" (quoting *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999)); *United States v. Surratt*, 172 F.3d 559, 563 (8th Cir. 1999) (holding that evidence should be viewed in light most favorable to the government). The court must uphold the jury's verdict so long as "a reasonable-minded jury could have found [Defendant] guilty beyond a reasonable doubt." *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004). It is not the province of the court to weigh the evidence or evaluate the credibility of witnesses. *Id.* Those tasks are left for the jury. *Id.*

### B. Motion for New Trial

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, "[m]otions for new trials based on the weight of the evidence are generally disfavored, *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002), and will be granted only where 'a serious miscarriage of justice may have occurred.'" *United States v. Rice*, 449 F.3d 887, 893 (8th Cir. 2006) (quoting *United States v. Huerta-Orozco*, 272 F.3d 561, 565 (8th Cir. 2001)). Indeed, "[t]he granting of a new trial under Rule 33 is a remedy to be used only 'sparingly and with caution.'" *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004) (citing *Campos*, 306 F.3d at 579 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980))).

The evidentiary standard of review for new trials differs from the standard that is

applied in a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007). "To prevail on [a motion for new trial on the basis of newly discovered evidence] [D]efendant must prove that (1) the evidence was unknown or unavailable at the time of trial, (2) the defendant did not lack diligence in attempting to uncover it, (3) the newly found evidence is material, and (4) the evidence is likely to produce an acquittal if a new trial is granted." *United States v. Grover*, 511 F.3d 779, 783 (8th Cir. 2007) (citing *United States v. Haskell*, 468 F.3d 1064, 1076 (8th Cir. 2006)).

## V. ANALYSIS

In order to be convicted of Conspiracy to Manufacture Methamphetamine, the government had to prove:

> *One*, between about October 1, 2007, and continuing through May 27, 2008, two or more persons reached an agreement or came to an understanding to manufacture methamphetamine;

> *Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

> *Three*, at the time the defendant joined the agreement or understanding, he knew the purpose of the agreement or understanding.

*See* 21 U.S.C. § 846; *United States v. Johnson*, 439 F.3d 947, 954 (8th Cir. 2006) (To obtain a conviction for conspiracy, the government must prove the defendant "(1)had an agreement to achieve an illegal purpose; (2) knew of the agreement; and (3) knowingly became part of the agreement.").

To assist the jury in determining whether there was an agreement or understanding to manufacture methamphetamine, the jury was instructed that the crime of manufacturing methamphetamine has three elements, which are:

*One*, the defendant intended to manufacture methamphetamine;

*Two*, the defendant knew the material he intended to manufacture was a controlled substance, methamphetamine; and

*Three*, the defendant voluntarily and intentionally carried out some act which was a substantial step toward manufacturing methamphetamine.

*See* 21 U.S.C. § 841. The jury was also advised that in the event they unanimously and beyond a reasonable doubt found that Defendant committed the crime of Conspiracy to Manufacture Methamphetamine, they would be required to determine the quantity of methamphetamine involved in the conspiracy.

### A. Motion for Judgment of Acquittal

After thoroughly and carefully reviewing the trial record, the court finds that there was sufficient evidence from which a reasonable-minded jury could have unanimously and beyond a reasonable doubt found Defendant guilty of the crime of Conspiracy to Manufacture Methamphetamine and that the amount of methamphetamine involved in the conspiracy was fifty grams or more of pure (actual) methamphetamine. *See Hayes*, 391 F.3d at 961. Defendant's arguments that the witnesses against him were not credible fails. Questions of credibility are for the jury, not the trial judge. *United States v. Kirkie*, 261 F.3d 761, 768 (8th Cir. 2001).

## B.  Motion for New Trial

A new trial is also not warranted on the basis of allegations that Officer Dave Wagner possessed relevant evidence that would impeach the testimony of trial witnesses. Defendant fails to specify this "newly discovered" evidence.  Instead, Defendant engages in a long, rambling narrative containing speculation and conjecture as to what Officer Wagner's testimony would be and how it might potentially impeach the testimony of other witnesses.  Defendant then requests the court to investigate what Officer Wagner knows and set a hearing.  The court finds that a hearing is not justified or required based on Defendant's allegations.  Defendant has not satisfied any of the elements set forth in *Grover*.  511 F.3d at 783.  The court notes that the fact that Officer Wagner may have information relative to this case was never a secret.  What he may or may not know is not "newly discovered" evidence because, according to Defendant, it was in the discovery file which Defendant saw prior to trial.  The witness could have been called to testify at trial by the defense, but was not.  At best, the evidence would be cumulative and impeaching. If the evidence were to be as Defendant suggests, the court finds its admission would not produce an acquittal even if a new trial were granted.   Therefore the Motion for New Trial based on newly discovered evidence is denied.

Second, the Motion for New Trial must also be denied because the evidence does not weigh heavily enough against the verdict such that the court concludes that a miscarriage of justice may have occurred.  *See Lincoln*, 630 F.2d at 1319.  The court finds the verdict is fully supported by the evidence.

Third, Defendant argues that he is entitled to a new trial because Attorney Wingert was incompetent in failing to file a motion in limine to prohibit mention of the fact that Defendant had been in prison or other correctional institutions.   To prevail on an ineffective assistance of counsel claim,  Defendant must satisfy both of the following components:

First, the [Defendant] must show that counsel's performance was deficient.

This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [Defendant] by the Sixth Amendment. Second, the [Defendant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [Defendant] of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000) (restating *Strickland* standard).

The court reviewed the record and found two direct references to Defendant's prior incarceration. While on direct examination, Tony Grenier was asked the following series of questions:

> Q. All right. Do you know the defendant, here, seated to my right?
> A. Yes
> Q. What's his name?
> A. Mike.
> Q. Mike what?
> A. Kluge.
> Q. And would you describe what his involvement was in this?
> A. Getting me pills.
> Q. Did you personally get pills from him?
> A. Yes.
> Q. On how many occasions, if you know?
> A. At least twice, for sure. It comes to mind that I met him with a couple other people at different times. Maybe four or five times.
> Q. It's possible just four or five?
> A. It might be more, but I --There were when I initially met Mike, we were in a half-way house. And I really didn't know him. A mutual friend of ours, Bill Dible, reintroduced me to him, I would say, and told me he had 5,000 pills.

Transcript ("Tr.") (docket nos. 579, 580, 581), at 73.

There was a second reference to Defendant's imprisonment during the direct

examination of William Dible:

> Q.    And how do you know him?
> A.    Originally met him when we were being transported to
>       prison.

*Id*. at 349.

Attorney Wingert did not file a motion to exclude this evidence. Had she filed such a motion, the court would have denied it. This evidence was relevant under Federal Rules of Evidence 401, 403 and 404(b) because it established that the witnesses in fact knew the Defendant prior to the events at issue and would thus make it more likely that the witness and Defendant would have had the opportunity and been willing to jointly participate in unlawful conduct. *United States v. Blakeney*, 942 F.2d 1001, 1018 (6th Cir. 1991) (No abuse of discretion in admitting evidence of prior incarceration where it was offered to show the opportunity to commit the crime charged). Although prejudicial, the evidence was not unfairly so. It should also be noted that the evidence of guilt was overwhelming and the admission of the reference to Defendant's prior incarceration did not cause Defendant to be convicted.

Defendant also claims he is entitled to a new trial because the court failed to poll the jury as required by Federal Rule of Criminal Procedure 31(d). The transcript shows that following the reading in open court of the verdict and the answer to the Interrogatory, the court asked the jurors to indicate by raising their hand if they voted guilty on Count 1 and recorded that each juror raised his or her hand. The court made a similar inquiry as to the answer to the Interrogatory. The court then asked each side if they wanted the court to do any further polling of the jury. Each party indicated that no further polling was necessary. Accordingly, if the court erred in not asking each juror to give a verbal response during the polling, that error was waived when Defendant indicated no further polling was requested. In any event, no prejudice has been shown by Defendant relative to the manner in which the jury was polled.

## VI.  CONCLUSION

In light of the foregoing, the court **DENIES** the Motion for New Trial and Motion for Judgment of Acquittal (docket no. 587) and the Motion to Reconsider (docket no. 606).

**IT IS SO ORDERED.**

**DATED** this 13th day of May, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA